IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2008 MAY 13  PM 4: 34

TX EASTERN-MARSHALL

BY_____

CLEAR WITH COMPUTERS, LLC
    Plaintiff,

    v.

Civil Action No.

JURY TRIAL DEMANDED

6:08-CV-188 LED

| | |
|---|---|
| (1) | **BELKIN INTERNATIONAL, INC.;** |
| (2) | **BJ'S WHOLESALE CLUB, INC.;** |
| (3) | **BROOKS BROTHERS, INC.;** |
| (4) | **DILLARD'S, INC.;** |
| (5) | **GUESS? INC.;** |
| (6) | **GUESS.COM, INC.;** |
| (7) | **THE GAP, INC.;** |
| (8) | **OLD NAVY LLC;** |
| (9) | **BANANA REPUBLIC LLC;** |
| (10) | **MATTEL, INC.;** |
| (11) | **FISHER-PRICE, INC.;** |
| (12) | **AMERICAN GIRL LLC;** |
| (13) | **SAKS, INC.;** |
| (14) | **CLUB LIBBY LU, INC.;** |
| (15) | **PACIFIC CYCLE, INC.;** |
| (16) | **PACIFIC CYCLE, LLC;** |
| (17) | **DOREL JUVENILE GROUP, INC., D/B/A SAFETY 1ST, D/B/A SAFETY 1ST COSCO, D/B/A COSCO, D/B/A COSCO HOME & OFFICE, AND D/B/A COSCO JUVENILE** |
| (18) | **AMERIWOOD INDUSTRIES, INC.** |
| (19) | **LIMITED BRANDS, INC.** |
| (20) | **VICTORIA'S SECRET STORES, LLC;** |
| (21) | **VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.;** |
| (22) | **MTD PRODUCTS, INC.;** |
| (23) | **CUB CADET LLC;** |
| (24) | **URBAN OUTFITTERS, INC.;** |
| (25) | **ANTHROPOLOGIE, INC.;** |
| (26) | **FREE PEOPLE LLC;** |
| (27) | **URBANOUTFITTERS.COM LP;** |
| (28) | **ANTHROPOLOGIE.COM LP;** |
| (29) | **FREEPEOPLE.COM LLC;** |
| (30) | **BED BATH & BEYOND, INC.;** |
| (31) | **BUY BUY BABY, INC.;** |

| (32) | CANON U.S.A. INC.; |
| (33) | KOHLER CO.; |
| (34) | PALM, INC.; |
| (35) | MICHELIN NORTH AMERICA, INC., A/K/A MICHELIN NORTH AMERICA, AND A/K/A MNA, INC.; |
| (36) | VIZIO, INC., D/B/A V, INC.; |
| (37) | HAIER AMERICA TRADING, LLC, D/B/A HAIER AMERICA; |
| (38) | PLANTRONICS, INC., D/B/A PLANTRONICS; |
| (39) | ALTEC LANSING TECHNOLOGIES, INC., A DIVISION OF PLANTRONICS, INC., D/B/A ALTEC LANSING, D/B/A ALTEC; |
| (40) | LOGITECH INTERNATIONAL S.A. |
| (41) | LOGITECH INC. |
| (42) | CALLAWAY GOLF COMPANY; |
| (43) | CALLAWAY GOLF INTERACTIVE, INC.; |
| (44) | SPRINT NEXTEL CORPORATION; |
| (45) | SPRINT COMMUNICATIONS COMPANY L.P.; |
| (46) | UNIDEN AMERICA CORPORATION; AND |
| (47) | MOTOROLA, INC., |

Defendants.

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Clear with Computers, LLC makes the following allegations against Belkin International, Inc.; BJ's Wholesale Club, Inc.; Brooks Brothers, Inc.; Dillard's, Inc.; Guess?, Inc.; Guess.com, Inc.; The Gap, Inc.; Old Navy LLC; Banana Republic LLC; Mattel, Inc.; Fisher-Price, Inc.; American Girl LLC; Saks, Inc.; Club Libby Lu, Inc.; Pacific Cycle, Inc.; Pacific Cycle, LLC; Dorel Juvenile Group, Inc., d/b/a Safety 1st, d/b/a Safety 1st Cosco, d/b/a Cosco, d/b/a Cosco Home & Office, and d/b/a Cosco Juvenile; Ameriwood Industries, Inc.; Limited Brands, Inc.; Victoria's Secret Stores, LLC; Victoria's Secret Stores Brand Management, Inc.; MTD Products, Inc.; Cub Cadet LLC; Urban Outfitters,

Inc.; Anthropologie, Inc.; Free People LLC; Urbanoutfitters.com LP; Anthropologie.com LP; Freepeople.com LLC; Bed Bath & Beyond, Inc.; Buy Buy Baby, Inc.; Canon U.S.A., Inc.; Kohler Co.; Palm, Inc.; Michelin North America, Inc., a/k/a Michelin North America, and a/k/a MNA, Inc.; Vizio, Inc., d/b/a V, Inc.; Haier America Trading, LLC, d/b/a Haier America; Plantronics, Inc., d/b/a Plantronics; Altec Lansing Technologies, Inc., a division of Plantronics, Inc., d/b/a Altec Lansing, d/b/a Altec; Logitech International S.A.; Logitech Inc.; Callaway Golf Company; Callaway Golf Interactive, Inc.; Sprint Nextel Corporation; Sprint Communications Company L.P.; Uniden America Corporation; and Motorola, Inc. (collectively the "Defendants").

## PARTIES

1. Plaintiff Clear With Computers, LLC ("CWC") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670. CWC was formerly known as Orion IP, LLC.

2. On information and belief, Defendant Belkin International, Inc. ("Belkin") is a Delaware corporation with its principal place of business at 501 W. Walnut Street, Compton, CA 90220. Belkin has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904 as its agent for service of process.

3. On information and belief, Defendant BJ's Wholesale Club, Inc. ("BJ's") is a Delaware corporation with its principal place of business at One Mercer Road, Natick, MA. BJ's has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

4. On information and belief, Defendant Brooks Brothers, Inc ("Brooks Brothers") is a Delaware corporation with its principal place of business at 346 Madison Avenue, New

York, NY 10017. Brooks Brothers has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process

5. On information and belief, Defendant Dillard's, Inc ("Dillard's") is a Delaware corporation with its principal place of business at 1600 Cantrell Road, Little Rock, AR 72201. Dillard's is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process.

6. On information and belief, Defendant Guess?, Inc. ("Guess") is a Delaware corporation with its principal place of business at 1444 S. Alameda Street, Los Angeles, CA 90021. Guess has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

7. On information and belief, Defendant Guess.com, Inc. ("Guess.com") is a Delaware corporation with its principal place of business at 1444 S. Alameda Street, Los Angeles, CA 90021, and is a subsidiary of Guess. Guess.com has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process

8. On information and belief, Defendant The Gap, Inc ("Gap") is a Delaware corporation with its principal place of business at 2 Folsom Street, San Francisco, CA 94105. Gap is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process

9. On information and belief, Defendant Old Navy LLC, a subsidiary of The Gap, Inc., ("Old Navy") is a Delaware limited liability company with its principal place of business at 2 Folsom Street, San Francisco, CA 94105. Old Navy is qualified to do business in the State of

Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process.

10. On information and belief, Defendant Banana Republic LLC, a subsidiary of The Gap, Inc., ("Banana Republic") is a Delaware limited liability company with its principal place of business at 2 Folsom Street, San Francisco, CA 94105. Banana Republic is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process.

11. On information and belief, Defendant Mattel, Inc. ("Mattel") is a Delaware corporation with its principal place of business at 333 Continental Boulevard, El Segundo, CA 90245. Mattel has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

12. On information and belief, Defendant Fisher-Price, Inc., a subsidiary of Mattel, Inc., ("Fisher-Price") is a Delaware corporation with its principal place of business at 636 Girard Avenue, East Aurora, NY 14052. Fisher-Price has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

13. On information and belief, Defendant American Girl LLC, a subsidiary of Mattel, Inc., ("American Girl") is a Delaware limited liability company with its principal place of business at 333 Continental Boulevard, El Segundo, CA 90245. American Girl has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

14. On information and belief, Defendant Saks, Inc. ("Saks") is a Tennessee corporation with its principal place of business at 12 East 49th Street, New York, NY. Saks has

5

appointed Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203 as its agent for service of process.

15. On information and belief, Defendant Club Libby Lu, Inc., a subsidiary of Saks, Inc., ("Club Libby Lu") is an Illinois corporation with its principal place of business at 2700 W. Grand Avenue, Chicago, IL 60612. Club Libby Lu has appointed Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703 as its agent for service of process.

16. On information and belief, Defendant Pacific Cycle Inc. ("Pacific Cycle") is a Delaware corporation with its principal place of business at 4902 Hammersly Road, Madison, WI 53711. Pacific Cycle is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St Paul Street, Dallas, TX 75201 as its agent for service of process.

17. On information and belief, Defendant Pacific Cycle, LLC ("Pacific Cycle LLC") is a Delaware limited liability company with its principal place of business at 4902 Hammersly Road, Madison, WI 53711. Pacific Cycle has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

18. On information and belief, Defendant Dorel Juvenile Group, Inc., d/b/a Safety 1st, d/b/a Safety 1st Cosco, d/b/a Cosco, d/b/a Cosco Home & Office, and d/b/a Cosco Juvenile ("Dorel") is a Massachusetts corporation with its principal place of business at 2525 State Street, Columbus, IN 47201. Dorel has appointed Corporation Service Company, 84 State Street, Boston, MA 02109 as its agent for service of process.

19. On information and belief, Defendant Ameriwood Industries, Inc. ("Ameriwood") is a Delaware corporation with its principal place of business at 410 E. 1st Street, South, Wright City, MO 63390. Ameriwood has appointed The Corporation Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

Alternatively, on information and belief, Defendant Ameriwood is a Michigan corporation and has appointed The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, MI 48025 as its agent for service of process. Alternatively, on information and belief, Defendant Ameriwood is an Ohio corporation and has appointed Joe Reinhart, 458 Second Ave., Tiffin, OH 44883 as its agent for service of process.

20. On information and belief, Defendant Limited Brands, Inc ("Limited") is a Delaware corporation with its principal place of business at 3 Limited Parkway, Columbus, OH 43230 Limited has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

21. On information and belief, Defendant Victoria's Secret Stores, LLC, a subsidiary of Limited Brands, Inc., ("Victoria's Secret") is a Delaware limited liability company with its principal place of business at 3 Limited Parkway, Columbus, OH 43230 Victoria's Secret is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process.

22. On information and belief, Defendant Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret Brand") is a Delaware corporation with its principal place of business at 3 Limited Parkway, Columbus, OH 43230 Victoria's Secret Brand has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

23. On information and belief, Defendant MTD Products, Inc. ("MTD") is a Delaware corporation with its principal place of business at 5965 Grafton Road, Valley City, OH 44280. MTD has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

24.     On information and belief, Defendant Cub Cadet LLC ("Cub Cadet") is an Ohio limited liability company with its principal place of business at 5965 Grafton Road, Valley City, OH 44280. Cub Cadet has appointed Terry R. Hollister, Esq., 5903 Grafton Road, Valley City, OH 44820 as its agent for service of process

25     On information and belief, Defendant Urban Outfitters, Inc. ("Urban Outfitters") is a Pennsylvania corporation with its principal place of business at 5000 S. Broad Street, Philadelphia, PA 19112. Urban Outfitters is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

26.     On information and belief, Defendant Anthropologie, Inc., a subsidiary of Urban Outfitters, Inc., ("Anthropologie") is a Pennsylvania corporation with its principal place of business at 5000 S. Broad Street, Philadelphia, PA 19112. Anthropologie is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

27.     On information and belief, Defendant Free People LLC, a subsidiary of Urban Outfitters, Inc., ("Free People") is a Delaware limited liability company with its principal place of business at 5000 S. Broad Street, Philadelphia, PA 19112. Free People is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

28     On information and belief, Defendant Urbanoutfitters.com LP, a subsidiary of Urban Outfitters, Inc., ("UrbanOutfitters.com") is a Pennsylvania limited liability company with its principal place of business at 5000 S. Broad Street, Philadelphia, PA 19112

Urbanoutfitters.com may be served via its General Partner, Urban Outfitters Holdings, LLC, at 5000 S. Broad Street, Philadelphia, PA 19112.

29. On information and belief, Defendant Anthropologie.com LP, a subsidiary of Urban Outfitters, Inc., ("Anthropologie.com") is a Pennsylvania limited partnership with its principal place of business at 5000 S. Broad Street, Philadelphia, PA 19112. Anthropologie.com may be served via its General Partner, Anthropologie Holdings, LLC, at 5000 S. Broad Street, Philadelphia, PA 19112.

30. On information and belief, Defendant Freepeople.com LLC, a subsidiary of Urban Outfitters, Inc., ("Freepeople.com") is a Delaware limited liability company with its principal place of business at 5000 S. Broad Street, Philadelphia, PA 19112. Freepeople.com is has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

31. On information and belief, Defendant Bed Bath & Beyond, Inc. ("BBB") is a New York corporation with its principal place of business at 650 Liberty Avenue, Union, NJ 07083. BBB is qualified to do business in the State of Texas and has appointed The Prentice Hall Corp System, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

32. On information and belief, Defendant Buy Buy Baby, Inc., a subsidiary of Bed Bath & Beyond, Inc., ("Buy Buy Baby") is a Delaware corporation with its principal place of business at 650 Liberty Avenue, Union, NJ 07083. Buy Buy Baby is qualified to do business in the State of Texas and has appointed The Prentice Hall Corp System, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

33    On information and belief, Defendant Canon U.S.A. Inc., a wholly owned subsidiary of Canon, Inc., ("Canon USA") is a New York corporation with its principal place of business at One Canon Plaza, Lake Success, NY 11042. Canon USA is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process.

34    On information and belief, Defendant Kohler Co. ("Kohler") is a Wisconsin corporation with its principal place of business at 444 Highland Drive, Kohler, WI 53044. Kohler is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process.

35.    On information and belief, Defendant Palm, Inc. ("Palm") is a Delaware corporation with its principal place of business at 950 W. Maude Avenue, Sunnyvale, CA 94085. Palm has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

36.    On information and belief, Defendant Michelin North America, Inc., a/k/a Michelin North America, and a/k/a MNA Inc., ("Michelin") is a New York corporation with its principal place of business at One Parkway South, Greenville, SC 29615. Michelin has appointed CT Corporation System, 111 Eight Avenue, New York, NY 10011 as its agent for service of process.

37.    On information and belief, Defendant Vizio, Inc., d/b/a V, Inc., ("Vizio") is a California corporation with its principal place of business at 39 Tesla, Irvine, CA 92618. Vizio has appointed William Wang, 39 Tesla, Irvine, CA 92618 as its agent for service of process

38.    On information and belief, Defendant Haier America Trading, LLC, d/b/a Haier America ("Haier") is a New York corporation with its principal place of business at 1356

Broadway, New York, NY 10018  Haier has appointed Michael Jemal, 1356 Broadway, New York, 10018 as its agent for service of process

39. On information and belief, Defendant Plantronics, Inc., d/b/a Plantronics, ("Plantronics") is a Delaware corporation with its principal place of business at 354 Encinal Street, Santa Cruz, CA. Plantronics has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

40. On information and belief, Defendant Altec Lansing Technologies, Inc., a division of Plantronics, Inc., d/b/a Altec Lansing, d/b/a Altec ("Altec") is a Delaware corporation with its principal place of business at 354 Encinal Street, Santa Cruz, CA. Altec has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

41. On information and belief, Defendant Logitech International S.A. ("Logitech International") is a Swiss corporation with its principal place of business at 6505 Kaiser Drive, Fremont, CA 94555.

42. On information and belief, Defendant Logitech Inc., a wholly owned subsidiary of Logitech International S.A., ("Logitech") is a California corporation with its principal place of business at 6505 Kaiser Drive, Fremont, CA 94555. Logitech has appointed Catherine L. Valentine, 6505 Kaiser Drive, Fremont, CA 94555 as its agent for service of process.

43. On information and belief, Defendant Callaway Golf Company ("Callaway") is a Delaware corporation with its principal place of business at 2180 Rutherford Road, Carlsbad, CA 92008. Callaway has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904 as its agent for service of process.

44. On information and belief, Defendant Callaway Golf Interactive, Inc ("Callaway Interactive") is a Texas corporation with its principal place of business at 9013 Tuscany Way, Suite 110, Austin, TX 78754. Callaway Interactive has appointed David Schofman, 7615 Metro Center Drive, Building 1, Suite B, Austin, TX 78744 as its agent for service of process

45. On information and belief, Defendant Sprint Nextel Corporation ("Sprint") is a Kansas corporation with its principal place of business at 2001 Edmund Halley Drive, Reston, VA 20191. Sprint has appointed Corporation Service Company, 200 SW 30th Street, Topeka, KS 66611 as its agent for service of process.

46. On information and belief, Defendant Sprint Communications Company L.P. ("Sprint Communications") is a Delaware limited partnership with its principal place of business at 2001 Edmund Halley Drive, Reston, VA 20191. Sprint Communications has appointed The Prentice Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

47. On information and belief, Defendant Uniden America Corporation ("Uniden") is a Delaware company with its principal place of business at 4700 Amon Carter Boulevard, Fort Worth, TX 76155. Uniden is qualified to do business in the State of Texas and has appointed Gary A. Kline, 4700 Amon Carter Boulevard, Fort Worth, TX 76155 as its agent for service of process.

48. On information and belief, Defendant Motorola, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 1303 E. Algonquin Road, Schaumburg, IL 60196. Motorola is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process.

## JURISDICTION AND VENUE

49. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

50. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

51. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,615,342

52. CWC is the owner by assignment of United States Patent No. 5,615,342 ("the '342 Patent") entitled "Electronic Proposal Preparation System." The '342 Patent issued on March 25, 1997. A true and correct copy of the '342 Patent is attached as Exhibit A.

53. The '342 Patent was the subject of previous Markman rulings issued by the United States District Court for the Eastern District of Texas. A copy of those Orders are attached as Exhibits B and C.

54. Jerome D. Johnson is listed as the inventor on the '342 Patent.

55.    Upon information and belief, Defendant Belkin has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.belkin.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Belkin is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

56.    Upon information and belief, Defendant BJ's has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bjs.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant BJ's is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

57.    Upon information and belief, Defendant Brooks Brothers has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.brooksbrothers.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered

by one or more claims of the '342 Patent to the injury of CWC. Defendant Brooks Brothers is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

58. Upon information and belief, Defendant Dillard's has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.dillards.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Dillard's is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

59. Upon information and belief, Defendant Guess has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.guess.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Guess is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

60. Upon information and belief, Defendant Guess com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.guess.com), making and using supply chain methods, sales methods, sales

systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Guess.com is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

61    Upon information and belief, Defendant Gap has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.gap.com, www.oldnavy.com, and www.bananarepublic.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Gap is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

62.    Upon information and belief, Defendant Old Navy has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.oldnavy.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Old Navy is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

63    Upon information and belief, Defendant Banana Republic has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including,

but not limited to, www.bananarepublic.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Banana Republic is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

64. Upon information and belief, Defendant Mattel has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.mattel.com, www.fisher-price.com, www.americangirl.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Mattel is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

65. Upon information and belief, Defendant Fisher-Price has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.fisher-price.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Fisher-Price is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

66. Upon information and belief, Defendant American Girl has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere

17

in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.americangirl.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant American Girl is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

67. Upon information and belief, Defendant Saks has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.saks.com and www.clublibbylu.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Saks is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

68. Upon information and belief, Defendant Club Libby Lu has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.clublibbylu.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Club Libby Lu is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271

69. Upon information and belief, Defendant Pacific Cycle has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing

to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.schwinn.com, www.schwinnbike.com, www.schwinnscooter.com, and www.instep.net), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Pacific Cycle is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

70     Upon information and belief, Defendant Pacific Cycle LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.schwinn.com, www.schwinnbike.com, www.schwinnscooter.com, and www.instep.net), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Pacific Cycle LLC is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

71     Upon information and belief, Defendant Dorel has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.djgusa.com, www.safety1st.com, www.coscoproducts.com, www.coscojuvenile.com, www.eddiebauer.djgusa.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory

systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Dorel is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

72. Upon information and belief, Defendant Ameriwood has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.ameriwood.com, www.altrafurniture.com, www.dhpfurniture.com, www.carinafurniture.com, www.ridgewoodrta.com, www.systembuild.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Ameriwood is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

73. Upon information and belief, Defendant Limited has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.victoriassecret.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Limited is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

74. Upon information and belief, Defendant Victoria's Secret has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere

in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.victoriassecret.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Victoria's Secret is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

75. Upon information and belief, Defendant Victoria's Secret Brand has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.victoriassecret.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Victoria's Secret Brand is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271

76. Upon information and belief, Defendant MTD has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.cubcadet.com, www.bolens.com, www.yardman.com, www.yardmachines.com, www.troybilt.com, www.buymtdonline.com, and www.gardenway.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant MTD is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

77. Upon information and belief, Defendant Cub Cadet has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.cubcadet.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Cub Cadet is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271

78. Upon information and belief, Defendant Urban Outfitters has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.anthropologie.com, www.urbanoutfitters.com, and www.freepeople.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Urban Outfitters is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271

79. Upon information and belief, Defendant Anthropologie has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.anthropologie.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered

by one or more claims of the '342 Patent to the injury of CWC. Defendant Anthropologie is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

80. Upon information and belief, Defendant Free People has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.freepeople.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Free People is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

81. Upon information and belief, Defendant Urbanoutfitters.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.urbanoutfitters.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Urbanoutfitters.com is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

82. Upon information and belief, Defendant Anthropologie.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.anthropologie.com), making and using supply chain methods, sales

23

methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Anthropologie.com is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

83. Upon information and belief, Defendant Freepeople.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.freepeople.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Freepeople.com is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

84. Upon information and belief, Defendant BBB has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bedbathandbeyond.com and www.buybuybaby.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant BBB is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

85. Upon information and belief, Defendant Buy Buy Baby has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including,

but not limited to, www.buybuybaby.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Buy Buy Baby is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

86.     Upon information and belief, Defendant Canon USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.usa.canon.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Canon USA is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

87.     Upon information and belief, Defendant Kohler has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.kohler.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Kohler is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

88.     Upon information and belief, Defendant Palm has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not limited to, www palm com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Palm is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

89. Upon information and belief, Defendant Michelin has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.michelinman.com, www.michelintruck.com, www.michelinrvtires.com, www.bfgoodrichtires.com, and www.uniroyal.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Michelin is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

90. Upon information and belief, Defendant Vizio has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.vizio.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Vizio is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

91. Upon information and belief, Defendant Haier has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.haieramerica.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Haier is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

92. Upon information and belief, Defendant Plantronics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.plantronics.com and www.alteclansing.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Plantronics is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

93. Upon information and belief, Defendant Altec has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.alteclansing.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '342 Patent to the injury of CWC. Defendant Altec is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

94    Upon information and belief, Defendant Logitech International has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.logitech.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Logitech International is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

95.    Upon information and belief, Defendant Logitech has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.logitech.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Logitech is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

96    Upon information and belief, Defendant Callaway has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not

limited to, www.callawaygolf.com, www.odysseygolf.com, www.benhogan.com, and www.topflite.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Callaway is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

97. Upon information and belief, Defendant Callaway Interactive has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.callawaygolf.com, www.odysseygolf.com, www.benhogan.com, and www.topflite.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Callaway Interactive is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271

98. Upon information and belief, Defendant Sprint has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sprint.com and nextelonline.nextel.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Sprint is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

99. Upon information and belief, Defendant Sprint Communications has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sprint.com and nextelonline.nextel.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Sprint Communications is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

100. Upon information and belief, Defendant Uniden has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.uniden.com and www.unidendirect.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Uniden is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

101. Upon information and belief, Defendant Motorola has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.motorola.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

30

claims of the '342 Patent to the injury of CWC. Defendant Motorola is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

102. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '342 Patent complied any with such requirements

103. To the extent that facts learned in discovery show that Defendants' infringement of the '342 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

104. As a result of these Defendants' infringement of the '342 Patent, CWC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court

105. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '342 Patent, CWC will be greatly and irreparably harmed.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,367,627

106. CWC is the owner by assignment of United States Patent No. 5,367,627 ("the '627 Patent") entitled "Computer-Assisted Parts Sales Method." The '627 Patent issued on November 22, 1994 A true and correct copy of the '627 Patent is attached as Exhibit D.

107. The '627 Patent was the subject of previous Markman rulings issued by the United States District Court for the Eastern District of Texas. A copy of those Orders are attached as Exhibits B and C.

108. Jerome D. Johnson is listed as the inventor on the '627 Patent.

31

109    Upon information and belief, Defendant Belkin has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.belkin.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Belkin is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

110.    Upon information and belief, Defendant BJ's has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bjs.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant BJ's is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271

111.    Upon information and belief, Defendant Dillard's has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.dillards.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '627 Patent to the injury of CWC. Defendant Dillard's is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

112. Upon information and belief, Defendant Pacific Cycle has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.schwinn.com, www.schwinnbike.com, www.schwinnscooter.com, and www.instep.net), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Pacific Cycle is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

113. Upon information and belief, Defendant Pacific Cycle LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.schwinn.com, www.schwinnbike.com, www.schwinnscooter.com, and www.instep.net), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Pacific Cycle LLC is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

114. Upon information and belief, Defendant Dorel has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not limited to, www.djgusa.com, www.safety1st.com, www.coscoproducts.com, www.coscojuvenile.com, www.eddiebauer.djgusa.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Dorel is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

115. Upon information and belief, Defendant Ameriwood has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.ameriwood.com, www.altrafurniture.com, www.dhpfurniture.com, www.carinafurniture.com, www.ridgewoodrta.com, www.systembuild.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Ameriwood is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

116. Upon information and belief, Defendant MTD has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.cubcadet.com, www.bolens.com, www.yardman.com, www.yardmachines.com, www.troybilt.com, www.buymtdonline.com, and www.gardenway.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and

inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant MTD is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

117. Upon information and belief, Defendant Cub Cadet has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.cubcadet.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Cub Cadet is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

118. Upon information and belief, Defendant BBB has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bedbathandbeyond.com and www.buybuybaby.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant BBB is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

119. Upon information and belief, Defendant Canon USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.usa.canon.com), making and using supply chain methods, sales methods, sales

systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Canon USA is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

120. Upon information and belief, Defendant Kohler has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.kohler.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Kohler is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271

121. Upon information and belief, Defendant Palm has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.palm.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Palm is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

122. Upon information and belief, Defendant Michelin has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not

limited to, www.michelinman.com, www.michelintruck.com, www.michelinrvtires.com, www.bfgoodrichtires.com, and www.uniroyal.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Michelin is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

123. Upon information and belief, Defendant Vizio has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.vizio.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Vizio is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

124. Upon information and belief, Defendant Plantronics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.plantronics.com and www.alteclansing.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Plantronics is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

125. Upon information and belief, Defendant Altec has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.alteclansing.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Altec is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

126. Upon information and belief, Defendant Logitech International has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.logitech.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Logitech International is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

127. Upon information and belief, Defendant Logitech has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.logitech.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Logitech is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

128. Upon information and belief, Defendant Callaway has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.callawaygolf.com, www.odysseygolf.com, www.benhogan.com, www.topflite.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Callaway is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

129. Upon information and belief, Defendant Callaway Interactive has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.callawaygolf.com, www.odysseygolf.com, www.benhogan.com, www.topflite.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Callaway Interactive is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

130. Upon information and belief, Defendant Sprint has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sprint.com and nextelonline.nextel.com), making and using supply chain

39

methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Sprint is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

131. Upon information and belief, Defendant Sprint Communications has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sprint.com and nextelonline.nextel.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Sprint Communications is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

132. Upon information and belief, Defendant Uniden has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.uniden.com and www.unidendirect.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Uniden is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

133. Upon information and belief, Defendant Motorola has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not limited to, www.motorola.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Motorola is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

134. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '627 Patent complied with any such requirements.

135. To the extent that facts learned in discovery show that Defendants' infringement of the '627 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

136. As a result of these Defendants' infringement of the '627 Patent, CWC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

137. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewithfrom infringing the '627 Patent, CWC will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, CWC respectfully requests that this Court enter:

1 A judgment in favor of CWC that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '342 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '627 Patent;

3. A judgment and order requiring Defendants to pay CWC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '342 Patent as provided under 35 U.S.C. § 284;

4. A judgment in favor of CWC that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '627 Patent, and that such infringement was willful;

5. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '342 Patent;

6. A judgment and order requiring Defendants to pay CWC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '627 Patent as provided under 35 U.S.C. § 284;

7. An award to CWC for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

8. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to CWC its reasonable attorneys' fees; and

9. Any and all other relief to which CWC may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**CLEAR WITH COMPUTERS, LLC**

Dated: May 13, 2008

By: /s/ *Andrew Wesley Spangler*

**Andrew Wesley Spangler**
Spangler Law PC
104 E Houston St, Suite 135
Marshall, Texas 75670
903-935-3443
Fax: 903-938-7843
Email: spangler@spanglerlawpc.com
**LEAD COUNSEL**

**David M. Pridham**
R.I. State Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
Telephone: (401) 633-7247
Fax: (401) 633-7247
E-mail: david@pridhamiplaw.com

**John J. Edmonds**
Texas State Bar No. 00789758
THE EDMONDS LAW FIRM
709 Sabine Street
Houston, Texas 77007
Telephone: (713) 858-3320
Facsimile: (832) 767-3111
johnedmonds@edmondslegal.com

**ATTORNEYS FOR PLAINTIFF**
**CLEAR WITH COMPUTERS, LLC**